UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND MARSHALL, JR., )
　)
**Plaintiff,** )
　) No. 13 C 8751
　)
　) Hon. Gary Feinerman
MICHAEL LEMKE, et al., )
　)
**Defendants.** )

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Marshall, Jr., presently a prisoner at the Western Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants were deliberately indifferent to the conditions of his confinement at the Northern Reception and Classification Center (NRC). Doc. 6. Defendants have moved to dismiss one of Plaintiff's claims, Doc. 25, and for summary judgment for failure to exhaust administrative remedies as to the remaining claims, Doc. 20. Although given the opportunity to do so, Plaintiff did not respond to either motion. Defendants' motions are granted.

**I.　Motion to Dismiss**

Defendants move to dismiss one of Plaintiff's claims—that he was required to sleep on the floor for one night while at the NRC—under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In considering this motion, the court accepts as true all of the complaint's well-pleaded factual allegations. The claim in question alleges that on January 24, 2013, Plaintiff was forced to sleep on the floor of the bullpen with a mattress, a sheet, and a blanket. He was transferred to a different facility the next day.

Forcing an inmate to sleep on the floor for one night does not rise to a constitutional violation. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that "the allegation about inadequate bedding—that Mr. Antonelli was forced to sleep on the floor for one night because of overcrowded conditions" fails to state a constitutional claim); *see also Stephens v. Cottey*, 145 F. App'x 179, 180-81 (7th Cir.2005) (no constitutional violation where a prisoner spent three days in jail with no mattress, sleeping directly on the metal bedframe, and five days with no bedframe, sleeping on a mattress on the floor). Thus, the claim in question fails to state a claim upon which relief can be granted.

## II. Motion for Summary Judgment

Defendants move for summary judgment as to Plaintiff's remaining claim—that the conditions of his confinement in his cell/tier were unconstitutional—for failure to exhaust administrative remedies. Consistent with the local rules, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts along with their summary judgment motion. Doc. 22. Local Rule 56.1(b)(3)(B) required Plaintiff to respond to Defendants' Local Rule 56.1(a)(3) statement. Despite having been served with a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1, Doc. 23, Plaintiff did not so respond.

Plaintiff's status as a pro se litigant does not excuse his failure to comply with Local Rule 56.1(b)(3)(B). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th

2

Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Given Plaintiff's failure to comply with Local Rule 56.1(b)(3)(B), the facts set forth in Defendants' Local Rule 56.1(a)(3) statement are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district courts's refusal to consider plaintiff's Rule 56.1 response that did not comply with local rule); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith v. Lamz,* 321 F.3d 680, 682-83 (7th Cir. 2003).

The pertinent facts are as follows. Plaintiff alleges that the conditions of his confinement at the NRC were unconstitutional. Doc. 22 at ¶ 4. These conditions included faulty plumbing, contaminated water, inadequate drainage, unsanitary showers, unsanitary food preparation and service, and inadequate bedding. *Ibid.*

The Illinois Department of Corrections has a formal grievance procedure for inmates. *Id.* at ¶ 6. There are generally three steps to the grievance process. *Id.* at ¶ 7. First, an inmate must attempt to resolve the grievance through his counselor. *Ibid.* If the grievance, complaint or issue remains unresolved, an inmate may file a written grievance on a grievance form available in all units of the institution within sixty days of an incident. *Ibid.* The facility Grievance Officer

investigates prepares a report regarding the issue. *Ibid.* The grievance and the Grievance Officer's report are then forwarded to the Chief Administrative Officer (CAO) of the CAO's designee for review. *Ibid.* The Grievance Officer's report with the CAO's final decision is forwarded back to the inmate. *Ibid.* If the inmate disagrees with the CAO's decision, he may appeal in writing to the Director of the IDOC. *Id.* at ¶ 8. The Administrative Review Board (ARB), as the Director's designee, reviews the appeal and issues a final report regarding the grievance. *Ibid.* In an emergency situation, and inmate may request that a grievance be reviewed on an expedited basis. *Id.* at ¶ 9. In addition, grievances are sent and addressed directly by the ARB if the inmate is no longer at the facility to which the grievance is addressing. *Id.* at ¶ 10.

Plaintiff filed a single grievance on February 5, 2013, regarding the conditions of his confinement at the NRC. *Id.* at ¶ 12. The grievance was sent directly to the ARB because Plaintiff was no longer housed at the NRC. *Ibid.* The grievance alleged that Plaintiff was forced to sleep on a mattress on the floor one night. *Id.* at ¶ 13. No other grievances related to the conditions of Plaintiff's confinement at the NRC were submitted by Plaintiff. *Id.* at ¶¶ 13-14.

Under 42 U.S.C. § 1997e(a), "[p]risoners must properly exhaust all available administrative remedies before pursuing claims, including § 1983 actions, in federal court." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). "A prisoner must exhaust his grievances in accordance with prison procedural rules." *Ibid.*; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The prisoner's grievance must include enough information to alert the prison officials of the wrong for which the prisoner seeks redress. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir.

4

2002). Defendants bear the burden of proving that the inmate failed to exhaust his administrative remedies is on the defendants. *See Turley*, 729 F.3d at 650.

Defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies as to his claim related to the living conditions in his cell/tier at the NRC. Plaintiff submitted only one grievance regarding his confinement at the NRC, and that grievance addressed only Plaintiff's complaint of having to sleep on a mattress on the floor the night before he was transferred to another facility; this is the claim dismissed above. The grievance did not include any complaints about any of the alleged unconstitutional living conditions while Plaintiff was housed at the NRC. Thus, the one grievance filed by Plaintiff failed to give Defendants' any notice of any complaints regarding Plaintiff's living conditions in his assigned cell/tier. *See Strong*, 297 F.3d at 650. It follows that Plaintiff failed to exhaust his administrative remedies as to his claim of unconstitutional living conditions at the NRC, and therefore that Defendants are entitled to summary judgment on that claim.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's claim that he was forced to sleep on a mattress on the floor for one night is dismissed for failure to state a claim. Defendants' motion for partial summary judgment also is granted. Summary judgment is granted in Defendants' favor as to Plaintiff's claim of unconstitutional living conditions within the NRC. Because the judgment in Defendants' favor rests on exhaustion grounds as to this claim, it is "without prejudice to [Plaintiff] initiating another action if he deems it appropriate after he has exhausted administrative remedies." *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005).

If Plaintiff wishes to appeal, he may file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).

November 26, 2014

_____
United States District Judge